UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ALBANY PATROONS, INC,

        Plaintiff

-against-

UNITED STATES BASKETBALL LEAGUE,

        Defendant.

**VERIFIED COMPLAINT**

Index No.:

The plaintiff, Albany Patroons, Inc., by and through its attorney Andrew H. Wood, Esq., as and for a Verified Complaint against United States Basketball League, sets forth as follows:

## JURISDICTION

1. This is a civil action seeking relief and/or damages for Breach of Contract, Promissory Estoppel and Fraud. Plaintiff is a Domestic Business Corporation organized under the laws of the State of New York. The Defendant is a foreign Corporation, organized under the laws of the State of Delaware, with a principal place of business located in Connecticut.

## PARTIES

2. Plaintiff, Albany Patroons, Inc. is a Domestic Business Corporation organized under the laws of the State of New York, with its principal place of business located at 195 Washington Avenue, Albany, New York 12210.

3. Defendant, United States Basketball League (hereinafter "USBL") is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business located at 188 Plains Road, Suite 2, Milford, Connecticut, 06461.

## STATEMENT OF FACTS:

4. That the Albany Patroons is a professional basketball team based in Albany, New York.

5. That the USBL is and/or was a professional basketball league based in Milford, Connecticut.

6. That in and around May 2006, representatives from the USBL and representatives from the Albany Patroons entered into discussions for the purpose of the Albany Patroons purchasing a USBL franchise.

7. That in and around June 2006, the Albany Patroons agreed to purchase a franchise from the USBL for Fifty Thousand Dollars ($50,000).

8. That pursuant to the Agreement, the Albany Patroons paid the USBL Twenty-Five Thousand Dollars ($25,000) in June 2006 as a down payment for the purchase of the USBL franchise.

9. That, on or around February 15, 2007, the Albany Patroons paid the USBL Twenty Five Thousand Dollars ($25,000), which represented the balance due for the purchase of the USBL franchise.

10. That on or about March 21, 2007, the Albany Patroons paid USBL Six Thousand Two Hundred Fifty Dollars ($6,250), which represented the Albany Patroons first installment of 2007 USBL league dues.

11. That the Albany Patroons participated in the USBL for a portion of the USBL's 2006 season.

12. That the Albany Patroons participated in the USBL for a portion of the USBL's 2007 season.

2

## AS AND FOR A FIRST CAUSE OF ACTION FOR PROMISSORY ESTOPPEL AGAINST DEFENDANT, PLAINTIFF ALLEGES AS FOLLOWS:

13. That plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered (1) through (12) as if said paragraphs were set forth herein in their entirety.

14. Prior to purchasing a franchise from the USBL, representatives from the USBL made promises to representatives from the Albany Patroons.

15. That, among other promises made to representatives of the Albany Patroons, USBL employees, agents and/or servants promised the following:

   a. that the USBL would consist of ten (10) teams, which would be separated into two (2) divisions;

   b. that the ten teams scheduled to compete in the USBL included the Albany Patroons, Boston Meteors, Brooklyn Kings, Delaware Stars, Dodge City Legend, Gary Steelheads, Jackson Wildcats, Kansas Cagerz, Long Island Primetime, and Oklahoma Storm;

   c. that the USBL would schedule games for the 2007 season and that the schedule would be adhered to by all teams;

   d. that the other nine (9) USBL franchises would have a sufficient number of players on their roster to be able to compete in USBL season games;

   e. that the other nine USBL franchises were financially secure;

   f. that the USBL would have a competitive league for the 2008 USBL season; and

   g. that the 2008 USBL postseason championship Festival would be played at the Washington Avenue Armory in Albany, New York.

16. That the promises set forth in paragraphs 15(a) through 15(f) were clear and unambiguous.

17. That representatives from the Albany Patroons reasonably and foreseeably relied upon the promises set forth in paragraphs 15(a) through 15(f) when the Albany Patroons purchased a USBL franchise.

18. That by the end of the 2007 USBL season, only six teams remained in the league. These teams included the Albany Patroons, Brooklyn Kings, Dodge City Legend, Gary Steelheads, Kansas Cagerz and the Oklahoma Storm.

19. That by the end of the 2007 USBL season, the two divisions had been combined into one division, which was known as the USBL division.

20. That the 2007 USBL schedule was revised at point(s) in time thoughout the 2007 season.

21. That during the 2007 USBL season, the Albany Patroons were subjected to frequent scheduling changes, forced to change travel plans and forced to cancel numerous games.

22. That many of the teams within the USBL were not financially secure and were not able to finish the 2007 USBL season.

23. That the USBL has not and will not have a competitive league in the 2008 season.

24. That the 2008 USBL postseason championship festival will not be played at the Washington Avenue Armory in Albany, New York.

25. That as a result of the aforesaid, the Albany Patroons suffered increased costs to participate in the USBL, decreased ticket sales for home games, decreased advertising

4

revenue, decreased media coverage and virtually no revenue for the 2007 USBL season.

26. That as a result of the aforesaid, the plaintiff was damaged in the amount of $285,000.

### AS AND FOR A SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT AGAINST DEFENDANT, PLAINTIFF ALLEGES AS FOLLOWS:

27. That Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered (1) through (26) as if said paragraphs were set forth herein in their entirety.

28. That a contract was entered into by and between the Albany Patroons and the USBL, whereby the Albany Patroons were to purchase a franchise from the USBL.

29. That pursuant to the contract, the Albany Patroons would pay the USBL Fifty Thousand Dollars ($50,000).

30. That pursuant to the contract, the Albany Patroons would play in all of the games that were initially scheduled for the 2007 USBL season.

31. That pursuant to the contract, the USBL would consist of ten (10) teams.

32. That pursuant to the contract, the USBL would be separated into two divisions, the East and West divisions.

33. That pursuant to the contract, the Albany Patroons would be able to participate in all of the games listed on the 2007 USBL schedule that had been posted by the USBL prior to the commencement of the 2007 USBL season.

34. That pursuant to the contract, each team within the USBL would have a sufficient number of players to compete in the 2007 USBL season.

35. That pursuant to the contract, the other nine (9) teams would be financially secure.

36. That pursuant to the contract, the USBL would have a competitive basketball league for the 2008 season.

37. That pursuant to the contract, the 2008 USBL postseason championship festival would be played at the Washington Avenue Armory in Albany, New York.

38. That the Albany Patroons performed all of their obligations pursuant to the contract by paying the USBL Fifty Thousand Dollars ($50,000) and by participating in all of the games set forth in the original schedule that was posted by the USBL for the 2007 USBL season.

39. That during the 2007 USBL season, only six (6) teams were able to compete.

40. That during the 2007 USBL season, the East and West Division were combined to form one division, which was referred to as the "USBL Division."

41. That during the USBL season, several of the teams within the USBL did not have a sufficient number of players to compete in games against the Albany Patroons.

42. That the schedule that was initially set forth by the USBL for the 2007 season was revised on at least one occasion.

43. That the USBL has failed to have a competitive league for the 2008 USBL season.

44. That the 2008 USBL postseason championship festival will not be played at the Washington Avenue Armory.

45. That as a result of the aforesaid, the USBL has failed to perform its obligations and has breached the contract that it entered into with the Albany Patroons.

46. That as a result of the aforesaid breach of contract, the Albany Patroons have been damaged in the amount of $285,000.

### AS AND FOR A THIRD CAUSE OF ACTION FOR FRAUD AGAINST DEFENDANT, PLAINTIFF ALLEGES AS FOLLOWS:

47. That employees, agents and/or servants of the USBL made the following statements to the Albany Patroons:

   a. that the USBL would consist of ten (10) teams, which would be separated into two (2) divisions;

   b. that the ten teams that were scheduled to compete in the USBL included the Albany Patroons, Boston Meteors, Brooklyn Kings, Delaware Stars, Dodge City Legend, Gary Steelheads, Jackson Wildcats, Kansas Cagerz, Long Island Primetime, and Oklahoma Storm;

   c. that the USBL would schedule games for the 2007 season and that the schedule would be adhered to by all teams;

   d. that the other nine (9) USBL franchises would have a sufficient number of players on their roster to be able to compete in USBL season games;

   e. that the other nine (9) USBL franchises were financially secure;

   f. that the USBL would have a competitive league for the 2008 USBL season; and

   g. that the 2008 USBL postseason championship festival would be played at the Washington Avenue Armory in Albany, New York.

48. That the statements contained in paragraphs 47(a) through 47(g) were misrepresentations.

49. That the statements contained in paragraphs 47(a) through 47(g) were false and known to be false by employees, agents and/or servants of the USBL.

7

50. That the statements contained in paragraphs 47(a) through 47(g) were made by employees, agents and/or servants of the USBL for the purpose of inducing the Albany Patroons to purchase a USBL franchise.

51. That the Albany Patroons relied upon the statements contained in paragraphs 47(a) through 47(g) when they entered into a contract with the USBL for the purchase of a USBL franchise.

52. That the Albany Patroons were justified in their reliance on the misrepresentations made by employees, agents and/or servants of the USBL, which are contained in paragraphs 47(a) through 47(g).

53. That as a result of the fraud that was perpetrated by the USBL upon the Albany Patroons, the Albany Patroons has suffered damages in the amount of Two Hundred Eighty Five Thousand Dollars ($285,000).

## DEMAND FOR TRIAL BY JURY

54. The plaintiff hereby demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against the defendant on the first, second and third causes of action in the amount of $285,000, together with the costs and disbursements of this action, including attorneys fees, and such other and further relief as this Court may deem just and proper.

Dated: June 30, 2008

ANDREW H. WOOD, Esq.
Bar Roll No.: 514196
Attorney for Plaintiff

*Albany Patroons*
Office and Post Office Address:
9 Jase Court
Albany, New York 12208
Telephone: (518) 852 – 7753

F:\Patroons 10-02-1003\Complaint.doc